NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
BUENERGI ESTUPINA PAREDES,          :
                                    : Civil Action No. 12-7834 (RMB)
          Petitioner,               :
                                    :
          v.                        :          **OPINION**
                                    :
JORDAN R. HOLLINGSWORTH,            :
                                    :
          Respondent.               :
_____:

   Petitioner, a federal inmate confined at FCI Fort Dix, New Jersey, filed a petition ("Petition") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is challenging his conviction and sentence rendered by the United States District Court for the Middle District of Florida. See Docket Entry No. 1. Respondent filed an answer opposing the Petition, and Petitioner traversed. See Docket Entries Nos. 6-8. Having examined these submissions, this Court will dismiss the Petition for lack of jurisdiction.

   The facts here are not in dispute. Petitioner entered a guilty plea with regard to a drug-trafficking offense conducted in international waters, either 23 or 27 nautical miles outside the coast of Columbia (or, to be more precise, either 11 or 15 nautical miles beyond Columbian territorial waters and into the high seas). See Docket Entry No. 6-2.

After the Court of Appeals for the Eleventh Circuit in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), reversed a certain criminal defendant's conviction on direct appeal, and interpreted the Maritime Drug Law Enforcement Act ("MDLEA"), 94 Stat. 1159, 46 U.S.C. App. § 1901 et seq., as extending the United States penal jurisdiction solely to the drug trafficking activities taking place outside foreign territorial waters, Petitioner filed his instant Petition seeking vacatur of his conviction and sentence under the holding of Bellaizac. See Docket Entry No. 1.

Respondent opposed the petition, pointing out that the holding of Bellaizac found lack of the United States jurisdiction solely with regard to the offenses committed in foreign territorial waters rather than on high seas, as it was in Petitioner's case. See Docket Entries Nos. 6 and 7. Petitioner traversed asserting that this Court should expand the holding of Bellaizac so to negate the United States jurisdiction as to all drug trafficking activities outside the United States geographical jurisdiction, regardless of whether these offenses were conducted on high seas on in foreign territorial waters, i.e., to find the MDLEA effectively unconstitutional in its entirety. See Docket Entry No. 8.

The Court declines this invitation. The Court of Appeals for the Third Circuit implicitly upheld application of the MDLEA

2

to the offenses conducted on high seas when the Court of Appeals pointed out that no nexus to the United States was needed to exercise United States penal jurisdiction (asserted under the MDLEA) over the drug-trafficking activities committed in international waters. See United States v. Martinez-Hidalgo, 993 F.2d 1052 (3d Cir. 1993), cert. denied, 510 U.S. 1048 (1994). Correspondingly, the narrow holding of Bellaizac, being limited solely to the offenses committed in foreign territorial waters, cannot be expanded in the fashion requested by Petitioner.[1]

Because the holding of Bellaizac is facially inapposite to Petitioner's circumstances, and it cannot be expanded, Bellaizac cannot support his claims and, thus, prompts dismissal. However, and paramount here, the core deficiency of Petitioner's application is not substantive; rather, it is jurisdictional.

Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court by means of a 28 U.S.C. § 2255 motion.[2] See Davis v. United States,

---

[1] Moreover, it is unlikely that the Court of Appeals for the Third Circuit would adopt the holding of Bellaizac-Hurtado if presented with the scenario where a litigant committed a drug trafficking offense in foreign territorial waters. See Munoz-Valdez v. Hollingsworth, 2013 U.S. Dist. LEXIS 76445, at *9-15 (D.N.J. May 31, 2013) (extensively detailing the same).

[2] 28 U.S.C. § 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

3

417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution," Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), and resort to § 2241 is jurisdictionally barred unless the litigant establishes that § 2255 is a vehicle "inadequate or ineffective" to test the legality of his/her detention. See Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).[3]

The Court of Appeals in Dorsainvil addressed a scenario where § 2255 was "inadequate or ineffective" and, thus, permitted resort to § 2241: there, the Court examined challenges raised by

> States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[3] A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. Since "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative," id., "Section 2255 is not [deemed] 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

4

a prisoner whose underlying conduct became a criminal offense in light of an intervening interpretation of the relevant criminal provision by the United States Supreme Court.  See Dorsainvil, 119 F.3d at 251-52.  The Dorsainvil exception is narrowly construed and, thus, facially inapplicable to the case at bar because the Eleventh Circuit ruling in Bellaizac-Hurtado neither (a) transformed Petitioner's conduct on high seas into a non-criminal activity nor (b) could qualify as a Supreme Court interpretation of the relevant criminal provision.  It is a decision not binding on this Court under Dorsainvil or even under the doctrine of stare decisis, be it for direct-appellate or collateral-review purposes.  See Munoz-Valdez, 2013 U.S. Dist. LEXIS 76445, at *6-9 (collecting relevant MDLEA cases and detailing this jurisdictional principle on the basis of highly persuasive observations offered in In re Davenport, 147 F.3d 605, 611-12 (7th Cir. 1998)).

Accordingly, this Court finds that § 2255 is not an inadequate or ineffective remedy for Petitioner' challenges. Correspondingly, the Court will dismiss the Petition for lack of Section 2241 jurisdiction.  An appropriate Order follows.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**

Dated: October 10, 2013